UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AARON MEISELS and RAIZEL MEISELS
on behalf of themselves and
all other similarly situated consumers

                Plaintiffs,

      -against-

FIRST NATIONAL COLLECTION BUREAU INC.

                Defendant.

---

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiffs, Aaron Meisels and Raizel Meisels, seek redress for the illegal practices of First National Collection Bureau Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Sparks, Nevada.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Aaron Meisels and Raizel Meisels

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. On or about April 10, 2012, Defendant sent the Plaintiffs a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: ". . . Payment by Credit Cards – Transaction Fees MasterCard and Visa: $5.00 per $150.00"

13. The notification and collection of the $5.00 per $150.00 transaction fee is unlawful. See e. g. Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter

including the language "You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.")

14. Defendant's transaction fee demand is in violation of 15 U.S.C. §§ 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themself and the members of a class, as against the Defendant.

15. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of Plaintiffs and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about April 10, 2012 (b) sent within one year prior to the date of the within complaint (c) the collection letter was sent to a consumer seeking payment of a consumer debt, (d) the collection letter was not returned by the postal service as undelivered and (e) the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692f(1) and 1692e(2) for making a false representation that it was entitled to receive compensation for payment by credit card.

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters (i.e. the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiffs interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiffs and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiffs, respectfully request that this Court enter judgment in Plaintiff favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   January 17, 2013

               /s/   Maxim Maximov
              Maxim Maximov, Esq.
              Attorneys for the Plaintiff
              Maxim Maximov, LLP
              1600 Avenue M, 2nd Floor
              Brooklyn, New York 11230
              Office: (718) 395-3459
              Facsimile: (718) 408-9570
              Mobile: (718) 772-3954
              E-mail: m@maximovlaw.com

Plaintiffs request trial by jury on all issues so triable.

               /s/   Maxim Maximov
              Maxim Maximov, Esq.